UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLOIRDA (FT. MYERS DIVISION)

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,
Plaintiff,

CASE NO.: 2:20-cv-00108

v.

REDLANDS CHRISTIAN MIGRANT
ASSOCIATION INC.,
Defendant,
_____/

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENTAND SUPPORTING MEMORANDUM OF LAW**

Defendant, REDLANDS CHRISTIAN MIGRANT ASSOCIATION, Inc. (hereinafter referred to as "Redlands") by and through their undersigned counsel and pursuant to Rule 3.01 of the Local Rules of the Middle District of Florida, hereby file this Motion to Dismiss, or in the Alternative Motion for More Definite Statement and Supporting Memorandum of Law.

Pursuant to Federal Rules of Civil Procedure 12(b)(6) the Complaint must be dismissed for failing to state a claim upon which relief can be granted. In the alternative pursuant to Federal Rule of Civil Procedure 12(e), Plaintiff must amend the Complaint to provide a more definite statement. The grounds upon which such motions are based and the substantial matters of law to be argued are as follows:

1.  Plaintiff's Complaint fails to allege any incurred loss or claim made against the policy that create an entitlement for it to receive retrospective premiums.

2.  The Complaint on its face is time barred by the applicable statute of limitations. *Fl. Stat. §95.11*.

    3.      Plaintiff's Complaint is so vague or ambiguous that Defendant cannot reasonably be expected to formulate a response.

For these reasons, and those set forth below, the Complaint must be dismissed, or in the alternative, Plaintiff must amend the Complaint to provide a more definite statement and provide sufficient facts to support its allegations and claims.

**Procedural History**

    1.      On September 7, 2018, Plaintiff filed a Complaint against Defendant in this Court. (Case No.: 2:18-cv-601, DE 1).

    2.      On April 25, 2019, the Court entered an Order dismissing the case without prejudice for Plaintiff's failure to respond to the April 16, 2019 Order to Show Cause. (Case No.: 2:18-cv-601, DE 33).

    3.      Following the dismissal without prejudice of the prior case, Plaintiff refiled the substantially identical Complaint on July 17, 2019. (Case No.: 2:19-cv-491, DE 1)[1].

    4.      On February 3, 2020 Defendant's Motion to Dismiss, or in the Alternative Motion for More Definite Statement and Motion to Strike Attorney's Fees was granted, and the case was dismissed without prejudice. (Case No.: 2:19-cv-491, DE 28)

    5.      Following the second dismissal without prejudice on February 3, 2020, Plaintiff refiled substantially the same complaint for the third time on February 19, 2020. (Case No.: 2:20-cv-00108, DE 1)

**MEMORANDUM OF LAW**

**I.    Motion to Dismiss – Failure to State a Claim Upon Which Relief Can Be Granted**

    **a.  Law as to Motion to Dismiss (Fed. R. Civ. P 12(b)(6)**

---

[1] When comparing the two Complaints, the Complaints were identical other than a few apparent scrivener's errors that were corrected.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert, by motion, the defense of a failure to state a claim upon which relief can be granted. The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint itself must include sufficient factual allegations "to raise a right to relief above the speculative level" and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Additionally, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001).

Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). *Holliday v. Markel Syndicate 3000*, No. 8:18-cv-1327-T33CPT, 2018 U.S. Dist. LEXIS 172476, at *4 (M.D. Fla. Oct. 5, 2018)

Although a statute of limitations defense is generally an affirmative defense that must be pled, a dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005); See *Foster v. Savannah Communication*, 140 Fed. Appx. 905 (11th Cir. 2005); *Fed R.Civ.P. 8(c)*,

  **b. Argument as to Failure to State a Claim Upon Which Relief Can Be Granted**

In 2004, Defendant, Redlands, acquired workers' compensation and employer's liability insurance from Plaintiff, Wausau, that provided coverage between August 16, 2004 and August 16, 2005. The acquire policy contained a provision for retrospective premiums, which required Redlands to pay a set annual premium for the term of the policy, and at the end of that term, if there had been any claims against the policy or "losses" incurred by Wausau, Redlands would be charged additional premiums based on the amount of Wausau's incurred losses; if there were no "incurred losses," Redlands would receive a refund of part of the premiums it had paid. (Case No.: 2:20-cv-00108, DE 1-1, pgs. 37-41). Wausau incurring a loss, or a claim being made against the policy, was a condition precedent to any retrospective premiums being due to Wausau. A review of the policy terms shows that without incurred losses or any claims being paid by Plaintiff, no retrospective premiums can be due. *Id*.

While a complaint is not required to prove a plaintiff's entire case, it is required to provide enough facts in support of its case to show that plaintiff is entitled to relief. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276 (11th Cir. 2007). Wausau's Complaint declared that it is entitled to $503,839.00 in retrospective premiums but failed to allege any factual or legal basis to support its position. (Case No.: 2:20-cv-00108, DE 1, ¶6) This unsupported claim of entitlement does not meet the necessary requirements that a complaint "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Roe* 253 F.3d at 683. Plaintiff's failure to provide facts or any sort of allegation as to the existence of an incurred loss or of a claim having been paid during the term the policy is fatal to its claim of entitlement to relief, which necessarily defeats its claim for breach of contract. Furthermore, the statute of limitations for breach of contract is five years. *Fl. Stat. §95.11*. The policy upon which Plaintiff is making its claims expired August 2005. Plaintiff has provided no facts or even made any allegations of any event, or losses that would create entitlements

occurring beyond the one-year term of the policy and within the statute of limitations. It is apparent on the face of the Complaint that, absent the allegation of additional facts or incidents, the breach of contract claim in the Complaint is barred by the statute of limitations.

The elements required to support an unjust enrichment claim are that the plaintiff has conferred a benefit on the defendant who has knowledge thereof; Defendant voluntarily accepts and retains the benefit conferred; circumstances are such it would be inequitable for the defendant to retain the benefit without paying for it. *Hillman v. Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994). In the case at hand, the alleged benefit conferred on Defendant was Wausau providing workers' compensation insurance and employer's liability coverage for Defendant's business. (Case No.: 2:20-cv-00108, DE 1, ¶14). Plaintiff has not alleged any benefit conferred upon Defendant beyond the August 16, 2005 policy expiration date. The statute of limitations for a claim for unjust enrichment is four years. *Fl. Stat. §95.11*. It is apparent on the face of the Complaint that, absent the allegation of additional facts or incidents, the cause of action for unjust enrichment is deficient and is barred by the statute of limitations.

WHEREFORE based upon the foregoing, Defendant, Redlands, respectfully requests this Honorable Court to enter an order granting the Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and any other relief this Honorable Court deems just and proper.

**II.**     **Motion for More Definite Statement**

    **a. Law as to Motion for More Definite Statement**

Federal Rule of Civil Procedure 12 (e) Motion for a More Definite Statement reads: A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably be expected to file a response. *Scarfato v. National Cash Register Corp.*, 830 F.Supp. 1441, 1442-1443 (M.D. Fla.

1993). In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure 8(a)(2-3), which requires, if jurisdiction is not at issue, a short and plain statement showing the pleader is entitled to relief and a demand for the relief sought, which may include alternative or different types of relief. A complaint is not required to prove the Plaintiff's entire case, but it should possess enough heft to set forth a plausible entitlement to relief. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Circ. 2007). Threadbare recitals of a cause of action's elements should not be supported by mere conclusory statements but by factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

### b. Argument as to More Definite Statement

While a complaint is not required to prove a plaintiff's entire case, it is required to provide enough facts in support of its case to show that plaintiff is entitled to relief. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276 (11th Cir. 2007). Wausau has asserted that it is owed $503,839.00 in retrospective premiums but has not alleged any factual or legal basis to support this assertion or that they are entitled to relief. In reviewing the four corners of the Complaint, it is impossible for Defendant to ascertain the basis for which retrospective premiums are allegedly owed to Wausau, the date that any alleged premiums became due on this 2005 policy, how that amount was calculated, or the method in which Wausau concluded it was owed that specific amount. Thus, the allegations contained in the Complaint are so vague and ambiguous that Redlands cannot reasonably be expected to formulate a response.

Wausau's breach of contract claim in Count I and unjust enrichment claim in Count II of its Complaint merely provide conclusory statements to support each cause of actions' elements and do not provide sufficient factual allegations to support each of the claims or to allow Redlands to prepare an appropriate response to the Complaint without such factual allegations.

Redlands is in need of a more definite statement concerning the existence of a loss(es) that warrants any retrospective premiums to be paid to Wausau; the date and nature of any such loss(es); the method of calculation of retrospective premiums; the manner in which it reached that conclusion; and the factual allegations which support the alleged Breach of Contract and Unjust Enrichment claims.

WHEREFORE based upon the foregoing, Defendant, Redlands, respectfully requests this Honorable Court to enter an order granting the Motion and requiring Plaintiff, Wausau, to provide Redlands with a more definite statement or any other relief this Honorable Court deems just and proper.

Date: March 30, 2020

/s/ Keith M. Hanenian
Keith M. Hanenian, Esq.
Florida Bar No.: 873225
David A. Perrott, Esq.
Florida Bar No.: 0726605
THE LAW OFFICE OF KEITH M. HANENIAN, PA
P.O. Box 21268
Tampa, FL  33622
Phone:  813-283-9907
Fax:    813-436-5241
keith@hanenianlaw.com
**Counsel for Defendant**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the counsel Michael R. Morris, Attorney for Employers Insurance Company of Wausau, michael@morris.law, 777 South Flagler Drive Ste. 800- West Tower, West Palm Beach, Florida 33401.