UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMPLOYERS INSURANCE COMPANY
OF WASSAU,

      Plaintiff,

v.                                               Case No.: 2:20-cv-108-FtM-38NPM

REDLANDS CHRISTIAN MIGRANT
ASSOCIATION, INC.,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant's Motion to Dismiss or in the Alternative, Motion for More Definite Statement (Doc. 7) filed on March 27, 2020. Plaintiff did not respond and the time to do so has expired. For the following reasons, the Court grants dismissal with leave to amend.

### BACKGROUND

**A. Procedural Background**

This case is about allegedly unpaid insurance premiums. Plaintiff Employers Insurance Company of Wassau (EICW) first sued Redlands on September 7, 2018, in Case No. 2:18-cv-601-JES-MRM. Redlands timely filed an answer and a counterclaim. EICW failed to answer the counterclaim, even after Judge John E. Steele ordered them to show cause why he should not enter default. The Clerk entered a default on Redland's

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

counterclaim, but Judge Steele granted EICW's motion to set the default aside. EICW continued to miss deadlines and ignore Judge Steele's orders, and Judge Steele eventually dismissed the case without prejudice for failure to prosecute.[2]

On July 17, 2019, EICW filed the same Complaint in Case No. 19-cv-491-SPC-NPM, which the Court dismissed without prejudice for failure to timely serve Redlands.

This case is round three and EICW's penchant for missing deadlines persists. Plaintiff did not respond to the Motion to Dismiss or move for more time; therefore, the Court will consider the Motion without the benefit of a response.

### B. EICW's Allegations

In 2004, Redlands acquired workers' compensation and employer's liability insurance from EICW, that provided coverage between August 16, 2004 and August 16, 2005. (Doc. 1-1, the "Policy"). The Policy contained a provision for retrospective premiums, which required Redlands to pay a set annual premium for the term of the Policy, and at the end of that term, if there had been any claims against the Policy or "losses" incurred by EICW, Redlands would be charged additional premiums based on the amount of EICW's incurred losses. If there were no "incurred losses," Redlands would receive a refund of part of the premiums it had paid.

The two-count Complaint for breach of contract and unjust enrichment (pled in the alternative), alleges that EICW is entitled to $503,839.00 in retrospective premiums that Redlands has refused to pay. (Doc. 1 at ¶¶ 6-7). Redlands moves to dismiss for failure

---

[2] The dismissal came after EICW failed to timely file a Case Management Report, then ignored two orders to show cause why the case should not be dismissed for failure to prosecute. EICW now argues that the case should not have been dismissed because it did respond to the Court's order. But that response was to an order regarding EICW's failure to timely respond to Redlands' motions. EICW never responded to Judge Steele's orders to show cause.

to state a claim, or in the alternative for a more definite statement, arguing that the Complaint fails to allege any incurred loss or claim made against the Policy which is a condition precedent to an entitlement to receive retrospective premiums. Redlands also argues that the Complaint on its face is time barred by the applicable statute of limitations. Fla. Stat. § 95.11.

## STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible when the court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Thus, the court engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

The substantive allegations of the Complaint are contained in four paragraphs. (Doc. 1 at ¶¶ 5-8), in which EICW declares that it is entitled to $503,839.00 in retrospective premiums. However, EICW fails to allege any factual or legal basis to support its position.

EICW does not provide facts or any sort of allegation as to the existence of an incurred loss or of a claim having been paid during the term of the Policy, including when any such loss occurred.³ These barebones allegations fail to state a plausible claim that EICW is entitled to relief under the Policy.

Because EICW fails to allege any dates for when the alleged loss was incurred, the Court is unable to determine from the face of the Complaint whether the statute of limitations has run. The statute of limitations for breach of contract is five years. Fla. Stat. §95.11. The Policy upon which EICW is making its claims expired in August 2005, and EICW first filed a Complaint in this Court in 2018. Plaintiff has provided no facts or made any allegations of any event or losses that would create entitlements occurring beyond the one-year term of the Policy and within the statute of limitations period.

The same analysis applies to the alternative claim for unjust enrichment. Plaintiff has not alleged any benefit conferred upon Redlands beyond the August 16, 2005 Policy expiration date. The statute of limitations for a claim for unjust enrichment is four years. Fla. Stat. § 95.11. It is apparent on the face of the Complaint that, absent the allegation of additional facts or incidents, the cause of action for unjust enrichment would be barred by the statute of limitations.

Because courts should generally allow plaintiffs the opportunity to amend before dismissing a claim with prejudice, the Court will allow EICW to amend. See *Bryan v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stressing that litigants should ordinarily be

---

³ The Policy is attached to the Complaint. (Doc. 1-1). The Court may consider the attachment in ruling on Defendant's Motion to Dismiss without converting the same into a motion for summary judgment. *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

given one chance to amend before dismissal with prejudice). To survive dismissal, EICW should provide enough facts in support of its case to show a plausible claim that it is entitled to relief.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss or in the Alternative, Motion for More Definite Statement (Doc. 7) is **GRANTED** to the extent that the Complaint (Doc. 1) is **dismissed without prejudice** to filing an Amended Complaint consistent with this Opinion and Order by **April 28, 2020**.

(2) If no Amended Complaint is filed, the case will be closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of April, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record