UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLOIRDA
(FT. MYERS DIVISION)

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,
Plaintiff,

CASE NO.: 2:20-cv-00108

v.

REDLANDS CHRISTIAN MIGRANT
ASSOCIATION INC.,
Defendant,
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Defendant, REDLANDS CHRISTIAN MIGRANT ASSOCIATION, Inc. (hereinafter referred to as "Redlands") by and through their undersigned counsel and pursuant to Rule 3.01 of the Local Rules of the Middle District of Florida, hereby file this Motion to Dismiss Plaintiff's Amended Complaint WITH PREJUDICE and Supporting Memorandum of Law.

Pursuant to Federal Rules of Civil Procedure 12(b)(6) the Amended Complaint must be dismissed for failing to state a claim upon which relief can be granted, and pursuant to the Court's Order granting Defendant's prior Motion to Dismiss, **it must be dismissed with prejudice**. The grounds upon which such motions are based, and the substantial matters of law to be argued are as follows:

1. Plaintiff's Amended Complaint fails to correct any of the defects of the original Complaint as outlined in the Court's April 14, 2020 Order dismissing the Complaint that "Plaintiff has provided no facts or made any allegations of any event or losses that would create entitlements occurring beyond the one-year term of the Policy and within the statute of limitations period." (Case No.:2:20-cv-00108, DE 11 Pg.4)

2. Plaintiff's Amended Complaint fails to allege any incurred loss or claim made against the policy that create an entitlement for it to receive retrospective premiums.

3. The Amended Complaint on its face is time barred by the applicable statute of limitations. *Fl. Stat. §95.11*.

For these reasons, and those set forth below, the Amended Complaint, the fourth iteration of Plaintiff's Complaint against Defendant since 2018, must be dismissed **with prejudice**.

**Procedural History**

1. On September 7, 2018, Plaintiff filed a Complaint against Defendant in this Court. (Case No.: 2:18-cv-601, DE 1).

2. On April 25, 2019, the Court entered an Order dismissing the case without prejudice for Plaintiff's failure to respond to the April 16, 2019 Order to Show Cause. (Case No.: 2:18-cv-601, DE 33).

3. Following the dismissal without prejudice of the prior case, Plaintiff filed a **second** complaint alleging the same causes of action on July 17, 2019. (Case No.: 2:19-cv-491, DE 1).

4. On February 3, 2020 Defendant's Motion to Dismiss, or in the Alternative Motion for More Definite Statement and Motion to Strike Attorney's Fees was granted, and the case was dismissed without prejudice. (Case No.: 2:19-cv-491, DE 28).

5. Following the second dismissal without prejudice on February 3, 2020, Plaintiff filed a **third** complaint alleging the same causes of action on February 19, 2020. (Case No.: 2:20-cv-00108, DE 1).

6. On March 27, 2020, Defendant filed its Motion to Dismiss for Failure to State a Claim or in the Alternative Motion for More Definite Statement. (Case No.:2:20-cv-00108, DE 7).

7. On April 14, 2020, Defendant's Motion to Dismiss was granted, with the Court allowing Plaintiff to amend the Complaint to correct the defects identified in the Order to provide

sufficient facts to show a plausible claim that it is entitled to relief. (Case No.:2:20-cv-00108, DE 11).

8. On April 28, 2020, Plaintiff filed its Amended Complaint; its **fourth** attempt at bringing the same causes of action. (Case No.:2:20-cv-00108, DE 12).

## MEMORANDUM OF LAW

### Law as to Motion to Dismiss - Fed. R. Civ. P 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert, by motion, the defense of a failure to state a claim upon which relief can be granted. The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint itself must include sufficient factual allegations "to raise a right to relief above the speculative level" and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Additionally, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001).

Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). *Holliday v. Markel Syndicate 3000*, No. 8:18-cv-1327-T33CPT, 2018 U.S. Dist. LEXIS 172476, at *4 (M.D. Fla. Oct. 5, 2018)

Although a statute of limitations defense is generally an affirmative defense that must be pled, a dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005); See *Foster v. Savannah Communication*, 140 Fed. Appx. 905 (11th Cir. 2005); *Fed R.Civ.P. 8(c)*.

Generally, a Plaintiff must be given at least one chance to amend the complaint before the court dismisses the action with prejudice; however, the court need not allow additional amendments when there have been repeated failures to cure deficiencies by amendments previously allowed. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stressing that litigants should ordinarily be given one chance to amend before dismissal with prejudice.).

### Argument as to Plaintiff's failure to correct the defects in the Complaint as explained by the Court's April 14, 2020 Dismissal Order

Plaintiff's Amended Complaint is the **fourth** iteration of a complaint alleging the same causes of action against Defendant. The third complaint was dismissed by this Court on April 14th, 2020, with an Order specifically outlining its deficiencies, to wit, "[t]he Policy upon which [Plaintiff] is making its claim expired in August 2005, and [Plaintiff] first filed a Complaint in this Court in 2018.  Plaintiff has provided no facts or made any allegations of any event or losses that would create entitlements occurring beyond the one-year term of the Policy and within the statute of limitations period." (Case No.:2:20-cv-00108, DE 11 pg.4).  The Court held that barring any allegation of additional facts or incidents, the alleged causes of action in the Complaint were, on their face, barred by the statute of limitations.  (Case No.:2:20-cv-00108, DE 11 pg.4) (Finding that "Plaintiff has not alleged any benefit conferred upon Redlands beyond the August 16, 2005 Policy expiration date. The statute of limitations for a claim for unjust enrichment is four years. Fla. Stat. § 95.11. It is apparent on the face of the Complaint that, absent the allegation of additional

facts or incidents, the cause of action for unjust enrichment would be barred by the statute of limitations.").

What is most notable about the Amended Complaint is that Plaintiff appears to have completely disregarded the Court's reasoning for the prior dismissal and decided not to provide or allege the date of <u>any</u> event or loss occurring beyond the one-year term of the Policy and within the statute of limitations.  If any event or loss had occurred within the beyond the one-year term of the Policy and within the statute of limitations period, Plaintiff would certainly have alleged and claimed as much, especially given the fact that the Court expressly noted that the failure to do so was fatal to its claims.  Although paragraphs 6-10 of the Amended Complaint now provide a better explanation of what a retrospective policy is and provide an invoice from 2017 to support how its premiums are calculated and a list of claims (Case No.:2:20-cv-00108, DE 11 ¶¶6-10), it has once again "provided no facts or made any allegations of any event or losses that would create entitlements occurring beyond the one-year term of the Policy and within the statute of limitations period." (Case No.:2:20-cv-00108, DE 11 Pg.4).  The additional exhibits attached to the Amended Complaint do nothing to correct the deficiencies of the original Complaint.  Exhibit 2, dated 2/01/2017, is an invoice for premiums for the Policy that expired in 2005, and provides no evidence of any event or loss that occurred beyond the one-year term of the Policy and within the statute of limitations. Similarly, Exhibit 3, a list of claims, losses, and expenses, fails to provide any dates and offers no evidence or even reasonable implication that any event or loss occurred beyond the one-year term of the Policy and within the statute of limitations.

Plaintiff has once again put forth barebones allegations that fail to state a plausible claim that Plaintiff is entitled to relief under the Policy.  The Amended Complaint is still on its face barred by the statute of limitations and must be dismissed **with prejudice**.

**Argument as to Failure to State a Claim Upon
Which Relief Can Be Granted**

In 2004, Defendant, Redlands, acquired workers' compensation and employer's liability insurance from Plaintiff, Wausau, that provided coverage between August 16, 2004 and August 16, 2005. (Case No.: 2:20-cv-00108, DE 12, ¶5). The acquired policy contained a provision for retrospective premiums, which required Redlands to pay a set annual premium for the term of the policy, and at the end of that term, if there had been any claims against the policy or "losses" incurred by Wausau, Redlands would be charged additional premiums based on the amount of Wausau's incurred losses; if there were no "incurred losses," Redlands would receive a refund of part of the premiums it had paid. (Case No.: 2:20-cv-00108, DE 12, pgs. 41-45). Wausau incurring a loss, or a claim being made against the policy, was a condition precedent to any retrospective premiums being due to Wausau. A review of the policy terms shows that without incurred losses or any claims being paid by Plaintiff, no retrospective premiums can be due. *Id*.

While a complaint is not required to prove a plaintiff's entire case, it is required to provide enough facts in support of its case to show that plaintiff is entitled to relief. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276 (11th Cir. 2007). Wausau's Amended Complaint declares that it is entitled to $503,839.00 in retrospective premiums and, unlike the original Complaint, explains how this alleged amount was calculated and identifies alleged claims, but it again fails to allege any factual or legal basis to support its position that it is entitled to receive any retrospective premiums at this time. (Case No.: 2:20-cv-00108, DE 12, ¶6-10 and Exhibits) This unsupported claim of entitlement does not meet the necessary requirements that a complaint "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Roe* 253 F.3d at 683. Plaintiff's failure to provide facts or any sort of allegation as to the existence of an incurred loss or of a claim having been paid <u>beyond</u> the term of the policy is fatal to its claim of entitlement to relief, which

necessarily defeats its claim for breach of contract. Furthermore, the statute of limitations for breach of contract is five years. *Fl. Stat. §95.11*. The policy upon which Plaintiff is making its claims expired August 2005. Plaintiff has provided no facts or even made any allegations of any event, or losses that would create entitlements occurring beyond the one-year term of the policy and within the statute of limitations. It is apparent on the face of the Complaint that, absent the allegation of additional facts or incidents, the breach of contract claim in the Complaint is barred by the statute of limitations.

The elements required to support an unjust enrichment claim are that the plaintiff has conferred a benefit on the defendant who has knowledge thereof; defendant voluntarily accepts and retains the benefit conferred; circumstances are such it would be inequitable for the defendant to retain the benefit without paying for it. *Hillman v. Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994). In the case at hand, the alleged benefit conferred on Defendant was Wausau providing workers' compensation insurance and employer's liability coverage for Defendant's business between August 16, 2004 and August 16, 2005. (Case No.: 2:20-cv-00108, DE 12, ¶5). Plaintiff has not alleged any benefit conferred upon Defendant beyond the August 16, 2005 policy expiration date. The statute of limitations for a claim for unjust enrichment is four years. *Fl. Stat. §95.11*. It is apparent on the face of the Complaint that, absent the allegation of additional facts or incidents, the cause of action for unjust enrichment is deficient and is barred by the statute of limitations.

**WHEREFORE** based upon the foregoing, Defendant, Redlands, respectfully requests this Honorable Court to enter an Order granting the Motion to Dismiss Plaintiff's Complaint **WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6), and any other relief this Honorable Court deems just and proper.

**Date: May 08, 2020**

/s/ Keith M. Hanenian
Keith M. Hanenian, Esq.
Florida Bar No.: 873225
David A. Perrott, Esq.
Florida Bar No.: 0726605
THE LAW OFFICE OF KEITH M. HANENIAN, PA
P.O. Box 21268
Tampa, FL  33622
Phone:  813-283-9907 / Fax: 813-436-5241
keith@hanenianlaw.com
COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 08, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the counsel Michael R. Morris, Attorney for Employers Insurance Company of Wausau, michael@morris.law, 777 South Flagler Drive Ste. 800- West Tower, West Palm Beach, Florida 33401.