UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMPLOYERS INSURANCE COMPANY
OF WASSAU,

    Plaintiff,

v.                                                               Case No.:   2:20-cv-108-FtM-38NPM

REDLANDS CHRISTIAN MIGRANT
ASSOCIATION, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Redlands Christian Migrant Association, Inc.'s Motion to Dismiss the Amended Complaint with Prejudice (Doc. 14) and Plaintiff Employers Insurance Company of Wausau's response in opposition (Doc. 15). For the below reasons, the Court denies the motion.

## **BACKGROUND**

This an insurance case.  Defendant entered a workers' compensation insurance contract with Plaintiff that covered August 2004 to August 2005.  The parties chose a one-year retrospectively rated policy, which the Amended Complaint describes:

> the insured typically pays a lower annual premium during the policy term.  Beginning at around six months after policy termination, the carrier then examines the insured's loss activity and, based on that activity and subject to the retrospective factors specified in the insured's retrospective plan, computes (or "adjusts") the insured's retrospective premium.  This retrospective premium increases, to a

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

> specified maximum amount, as the claims dollars the carrier incurs increase. Conversely, a retrospective adjustment may, if the insured controls its losses by implementation of an effective risk management program, result in a credit to the insured.

(Doc. 12 at 2). Plaintiff's response to the motion to dismiss provides more general background on retrospectively rated policies:

> [a] worker injured during a policy year will often continue to have medical needs beyond the expiration of that year. The workers compensation carrier is responsible for providing benefits to the worker for any injury that occurred during the policy year (even where the injury is only discovered subsequently to that year). In choosing a retrospective premium policy, [Defendant] elected to share in the obligation to make payments to injured workers for years to come.

(Doc. 15 at 6).

Against this backdrop, the policy allowed Plaintiff to calculate the retrospective premium six months after the policy ended and "annually thereafter." (Doc. 12 at 2, 43). So, on February 1, 2017, Plaintiff sent Defendant a "Twelfth Adjustment Invoice" that reflected Defendant owing it $503,839.00 in retrospective premium. (Doc. 12 at 70-74). The Invoice also noted a future adjustment to occur in twelve months. (Doc. 12 at 70). When Defendant refused to pay the half a million-dollar bill, Plaintiff sued it for breach of contract and unjust enrichment.

The Court dismissed the complaint because it "provided no facts or made any allegations of any event or losses that would create entitlements occurring beyond the one-year term of the Policy and within the statute of limitations period." (Doc. 11 at 4). The Amended Complaint followed, which Defendant again moves to dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6).

2

**LEGAL STANDARD**

Rule 12(b)(6) allows a complaint to be dismissed for failing to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the complaint's factual content allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). And when deciding a motion to dismiss, the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. *Ashcroft*, 556 U.S. at 679.

**DISCUSSION**

Defendant makes two arguments for dismissal: (1) the "Amended Complaint fails to allege any incurred loss or claim made against the policy that create an entitlement for it to receive retrospective premiums"; and (2) the statute of limitations bars this suit. (Doc. 14 at 2). Neither argument carries the day. The Court starts with the statute of limitations.

"[S]tatutes of limitation establish the time period within which a cause of action must be commenced. The limitation period is directly related to the date on which the cause of action accrued." *WRH Mortg., Inc. v. Butler*, 684 So. 2d 325, 327 (Fla. Dist. Ct. App. 1996). "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1).

It is also well settled that "[a] statute of limitations bar is an affirmative defense and plaintiffs are not required to negate an affirmative defense in their complaint." *Beach*

3

*Comm. Bank v. CBG Real Estate LLC*, 674 F. App'x 932, 934 (11th Cir. 2017) (citation omitted). Courts thus grant a motion to dismiss on statute of limitations grounds "only if it is apparent from the face of the complaint that the claim is time-barred." *Id.* at 934 (citation omitted). And "a motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in the complaint in defendant's favor." *Clements v. 3M Elec. Monitoring*, No. 2:16-CV-776-FTM-38CM, 2017 WL 4326618, at *2 (M.D. Fla. June 29, 2017) (citing *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1252 (11th Cir. 2003)).

Here, the parties agree on the limitations periods—five years for breach of contract and four years for unjust enrichment. *See* Fla. Stat. §§ 95.11(2)(b), (3)(j). But they square off on whether the claims are timely. Plaintiff says both claims accrued in 2017 after Defendant refused to pay the Twelfth Adjustment Invoice. Defendant says the Invoice is not enough because Plaintiff had to allege the date of any loss after the policy ended in 2005 and within the statute of limitations. (Doc. 14 at 5). Without such an allegation, Defendant suggests that 2017 Invoice could be for losses outside the statute of limitations. But Defendant's argument raises factual issues the Court cannot decide now.

At this stage, the Court must accept the Amended Complaint's facts as true and view them in Plaintiff's favor. This includes the allegation that the Invoice's limited losses figure shows "the sum of the incurred losses and expenses for the claims made under the policy" and the "claims are individually identified in Exhibit 3." (Doc. 12 at 3, 75-77). Doing anything else would be to infer facts against Plaintiff to uphold Defendant's statute of limitations defense. A specific date of loss may help Defendant with its statute of limitations argument, but it does not necessarily affect whether Plaintiff has plausibly pled

unjust enrichment and breach of contract claims.  At bottom, it is not apparent from the Amended Complaint that Plaintiff's claims are time-barred.  Defendant's arguments are better suited for summary judgment.

Turning next to whether the Amended Complaint states plausible breach of contract and unjust enrichment claims.  Defendant argues it does not.  It says the Amended Complaint alleges no incurred loss or claim made against the policy that create an entitlement for it to receive retrospective premiums.  This argument is a nonstarter.  It is no more than another statute of limitations attack.  Defendant does not assert that no valid insurance contract exits; nor does it deny refusing to pay the Twelfth Adjustment Invoice or Plaintiff's damages.  See *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (stating Florida law has three elements for breach of contract:  valid contract, material breach, and damages).  It simply wants the Court to dismiss the case because Plaintiff did not connect the claims to the retrospective premiums as well as it would have liked.

Same goes for unjust enrichment.  Under Florida law, there are three elements to unjust enrichment:  "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof."  *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012).  Defendant only argues that Plaintiff has alleged no benefit conferred upon it beyond the policy's 2006 expiration date.  But the *Twelfth* Adjustment Invoice suggests that invoices came before it and Defendant has benefited from the policy long after it expired.  Of course, discovery may produce facts to dispute that inference.

In conclusion, the Amended Complaint (unlike its predecessor) pleads more information with the Twelfth Adjustment Invoice and claims totaling the sum owed. The Amended Complaint thus provides enough facts to state claims against Defendant.

Accordingly, it is

**ORDERED:**

(1) Defendant Redlands Christian Migrant Association, Inc.'s Motion to Dismiss the Amended Complaint with Prejudice (Doc. 14) is **DENIED**.

(2) Defendant must answer to the Amended Complaint on or before **July 2, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of June 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record