UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLOIRDA
(FT. MYERS DIVISION)

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,
    Plaintiff,

CASE NO:  2:20-cv-108-FtM-38NPM

v.

REDLANDS CHRISTIAN MIGRANT ASSOCIATION INC.,
    Defendant,
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, Redlands Christian Migrant Association Inc. ("Redlands") files this response to Plaintiff, Employers Insurance Company of Wausau ("Wausau")'s Complaint, along with its Affirmative Defenses.  Any allegation in the Complaint that is not expressly admitted is denied.  Defendant's responds as follows:

## ANSWER

1. Redlands lacks specific knowledge or information to admit or deny the allegations contained in paragraph 1 of the Amended Complaint.

2. Redlands lacks specific knowledge or information to admit or deny the allegations contained in paragraph 2 of the Amended Complaint.

3. Admitted

4. Admitted

5. Redlands admits the allegations in the first sentence of Paragraph 5 of the Amended Complaint.  Redlands lacks sufficient knowledge or information to admit or deny that Exhibit 1 to the Complaint represents a true and accurate copy of the Wausau policy

   identified in Paragraph 5 of the Complaint.

6.  Admit that Paragraph 6 gives a general description of a retrospective policy.

7.  Admit only that Paragraph 7 of the Complaint accurately states what is in Exhibit 1, Page 39.

8.  Redlands lacks sufficient knowledge or information to admit or deny any allegations contained in paragraph 8 of the Amended Complaint, therefore denied.

9.  Redlands lacks sufficient knowledge or information to admit or deny any allegations contained in paragraph 9 of the Amended Complaint, therefore denied.

10.  Redlands lacks sufficient knowledge or information to admit or deny any allegations contained in paragraph 10 of the Amended Complaint, therefore denied.

11.  Admit

12.  Denied

13.  Denied

14.  Denied

## COUNT I

15.  Redlands incorporates its responses to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16.  Admitted

17.  Denied

18.  Denied

## COUNT II

19.  Redlands incorporates its responses to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

20. Denied

21. Denied
22. Denied

## AFFIRMATIVE DEFENSES

1. For its first affirmative defense, Redlands would allege that no valid contract exists between the parties that would give rise to the counts in the Complaint.

2. For its second affirmative defense, Redlands would allege that Plaintiff is estopped from asserting the claims set forth herein due to the doctrine of estoppel.

3. For its third affirmative defense, Redlands would allege that Plaintiff is barred from asserting the claims set forth herein due to the statute of limitations.

4. For its fourth affirmative defense, Redlands would allege that Plaintiff is not entitled to equitable relief due to the doctrine of unclean hands.

5. For its fifth affirmative defense, Redlands would allege that Plaintiff claims are barred as the terms of the Policy violated public policy.

6. For its sixth affirmative defense, Redlands would allege that to the extent, if any, that Plaintiff has incurred any damages as alleged in the Complaint, Plaintiff's claims and damages are subject to offset in an amount equal to the damages incurred by Defendant.

7. For its seventh affirmative defense, Redlands would allege that Plaintiff's claims for damages are barred (in whole or in part) as a result of Plaintiff's failure to comply with the implied covenant of good faith and fair dealing under Florida law.

8. For its eighth affirmative defense, Redlands would allege Plaintiff's claim for equitable relief in Count II is repugnant to its claim for breach of contract and is barred by the doctrine of election of remedies.

9. For its ninth affirmative defense, Redlands would allege Plaintiff's claims are barred under

the voluntary payment doctrine to the extent it seeks to recover retrospective premium amounts allegedly due from Defendant resulting from Plaintiff's payment of any claim or claims for which the claimant was not entitled to under the law.

10. For its tenth affirmative defense, Redlands would allege Plaintiff's claims are barred due to its prior breach of its obligations and duties to Defendant under the Policy.

11. For its eleventh affirmative defense, Redlands would allege that Plaintiff's claims are barred due to its mishandling of the claims process, including failure to comply with requirements of Florida Statutes.

## COUNTERCLAIM AGAINST WAUSAU

Defendant/Counter-Plaintiff, Redlands Christian Migrant Association Inc. ("Redlands") sues the Plaintiff/Counter-Defendant, Employers Insurance Company of Wausau ("Wausau") as follows:

1. Wausau, having brought the initial action, is subject to the jurisdiction and venue of this Court for purposes of this Counterclaim, which arises out of the same transactions and occurrences alleged in Wausau's Complaint seeking damages in excess of $75,000.00 exclusive of interests, attorneys' fees and court costs.

2. Redlands' Counterclaim is challenging the validity of Wausau's payments of benefits to claimants who were not entitled to those benefits under the law. Redlands is not challenging the calculations of the retrospective premiums being sought by Wausau. Pursuant to Fl. Stat. § 627.371, Redlands has made a written request to Wausau for a review of the manner in which the rate, rating plan, rating system, and underwriting rules have been applied to all claims and premiums with respect to the insurance afforded to them.

3. At all times material hereto, Redlands was a Florida non-profit corporation whose principal place of business was and is in Immokalee, Collier County, Florida.

4. At all times material hereto, Wausau was a Wisconsin corporation authorized to conduct business in Florida and whose principal place of business is Wausau, Wisconsin.

5. At all times material hereto, Wausau provided workers' compensation insurance policies in the State of Florida.

6. Wausau, as a workers' compensation insurer in the State of Florida, is subject to Florida's Workers' Compensation Statute, Florida Statutes Chapter 440 (the "Workers' Compensation Statute"), which is administered by Florida's Department of Financial Services, Division of Workers' Compensation (the "Division"). Pursuant to the Workers' Compensation Statute, § 440.207, the Division shall publish a workers' compensation system guide (the "Workers' Compensation Guide"), which shall educate insurers and insureds (among others) of their duties and benefits under the Workers' Compensation Statute.

7. On or about August 16, 2004, Wausau issued a policy of insurance to Redlands, identified as Workers' Compensation and Employer's Liability Policy No. WCC-Z91-423775-014, which purportedly provided insurance coverage for Redlands. A copy of the Workers' Compensation and Employer's Liability Policy (the "Policy"), identified by Wausau as true and correct, was attached to Wausau's Complaint as Exhibit 1.

8. The Policy conforms with Florida's Workers' Compensation Statute and if it does not in any way, it automatically changes to conform.

9. Pursuant to the Workers' Compensation Statute, Fla. Stat. § 440.09(1) and § 440.20(4), and *page 18 of the Workers' Compensation Guide*, insurers have a duty to provide insureds with the benefit of conducting good faith investigations into workers' compensation claims to determine if (to a reasonable degree of medical certainty based on objective medical findings) the injury arose out of work performed in the course and scope of the claimant's employment with

insured, and was a major contributing cause of the injury (more than 50 percent). Defendant did not have the authority to accept fraudulent claims out of expediency, as the Contract does not include a "deems-expedient" clause, and even if there were such a clause, such discretion would not be absolute.

10. Insurance adjusters licensed in the State of Florida are required to abide by *Florida Administrative Code Rule 69B-220.201* Ethical Requirements for All Adjusters and Public Adjuster Apprentices. An adjuster's breach of any provision of the Ethical Requirements constitutes an unfair claims settlement practice. *Id*.

11. Adjusters handling a claim for an insured are in a fiduciary relationship with the insured.

12. Insurers owe a fiduciary duty to act in the insureds best interest, and to use the same degree of care and diligence as a person managing his own business, including making decisions in good faith and with regard for the interests of the insured.

13. Every Florida contract includes an implied covenant of good faith and fair dealing.

## GENERAL ALLEGATIONS

14. Redlands is a non-profit organization with operations throughout the State of Florida.

15. Pursuant to the Workers' Compensation Statute, Redlands is obligated to secure workers' compensation insurance.

16. Wausau, as a licensed provider of workers' compensation insurance in the State of Florida is, or should be, aware of its duties to its workers' compensation insureds pursuant to the Workers' Compensation Statute and the Workers' Compensation Guide.

17. Wausau employed insurance adjusters, licensed by the State of Florida, to handle, manage, and adjust claims in a manner consistent with the Workers' Compensation Statute and the Workers' Compensation Guide.

18. Wausau created the Policy with the specific intent that it conforms to the Florida Workers' Compensation Statute and comply with the Workers' Compensation Guide.

19. Statutory requirements and provisions of the Workers' Compensation Statute are part of any Workers' Compensation insurance contract in the State of Florida.

20. Pursuant to the Workers' Compensation Statute, Wausau has a duty to conduct good faith investigations into workers' compensation claims to determine if, to a reasonable degree of medical certainty based on objective medical findings, the injury arose out of work performed in the course and scope of the claimant's employment, and was a major contributing cause of the injury (more than 50 percent). *See* Fla. Stat. § 440.09(1) and § 440.20(4).

*21.* Wausau represented to Redlands that it was a Florida licensed provider of workers' compensation insurance, and as such it is required to follow and abide by all provisions and requirements of the Florida Workers' Compensation Statutes.

22. Redlands relied on Wausau to uphold the terms of the contract and abide by the requirements of Florida Workers' Compensation Statute and the Workers' Compensation Guide.

23. Redlands relied on Wausau to conduct good faith investigations into its employees' workers' compensation claims to determine if, to a reasonable degree of medical certainty based on objective medical findings, any claim for an alleged injury arose out of work performed for Redlands, and that the alleged incident was a major contributing cause of the injury (more than 50 percent), and not to pay benefits to claimants who were not entitled to them under the law.

24. If Wausau investigates a workers' compensation claim made by a Redlands employee and determines that an alleged injury did not arise to a reasonable degree of medical certainty based on objective medical findings out of work performed for Redlands, Wausau must deny the claim.

25. If Wausau investigates a workers' compensation claim made by a Redlands employee and determines that the alleged workplace incident was not a major contributing cause of the injury (more than 50 percent), then Wausau must deny the claim.

26. Pursuant to the policy, Wausau was to pay amounts to the persons who would be entitled to them under law.

27. The Policy's terms include retrospective premium adjustments, whereby Wausau retrospectively determines the annual amount due for premiums under the Policy. (Case No.:2:20-cv-00108, DE 12, Exhibit 1 pg. 39)

28. Wausau has demanded payment of $503,839.00 from Redlands for retrospective premium allegedly due under the Policy.

29. Since the Policy inception, Wausau has billed and Redlands has paid, premiums that were based on benefits that were provided to claimants who were not entitled to them under the law.

30. The longer Wausau keeps a claim open and refuses to settle it, the more financially beneficial it is for Wausau.

31. Wausau has failed to settle claims, even though doing so would be in Redlands' best interest.

32. By failing to investigate, and/or failing to settle claims that would have been in the best interest of Redlands, Wausau conducted investigations, adjustments, and settlements in a manner that was prejudicial to Redlands.

33. By failing to investigate, paying benefits that claimants were not entitled to under the law, and/or failing to settle claims that would have been in the best interest of Redlands, Wausau did not act with dispatch and due diligence in achieving a proper disposition of the claim.

34. Wausau had unlicensed employees performing adjusting services in violation of Fla. Stat. §626.

35. Wausau's actions through its employees and agents constitutes an unfair claims settlement practice.

36. It is financially beneficial for Wausau to keep existing claims open and refuse to settle them, despite it not being in the insured's best interest.

37. Wausau made decisions that were in its own financial interest instead of the interest of Redlands.

38. On November 23, 2004, Jane Doe[1], a teacher working at Redlands, was allegedly injured on the job.

39. Wausau failed to fully or adequately investigate Jane Doe's claim for benefits as required by Florida Workers' Compensation Statutes.

40. Wausau failed to determine that to a reasonable degree of medical certainty based on objective medical findings Jane Doe's alleged injury arose out of work performed for Redlands, and that the alleged incident was a major contributing (more than 50 percent) cause of Jane Doe's injury.

41. Within the first week of Jane Doe's claim, Wausau was aware through a Central Index Bureau report that Ms. Doe had two prior insurance claims for injuries to the same body areas within the past eighteen months.

---

[1] The name of the claimant is not being used in this Counterclaim for privacy and confidentiality purposes. Wausau is aware of who the claimant is.

42. Despite the red flag of the two recent injuries, Wausau failed to investigate to determine if the workers' compensation claim met the standards of a compensable claim under the Florida Workers' Compensation Statute.

43. Through its lack of review, mishandling of the claim, and failure to fully investigate the claim, Wausau did not act in Redlands best interest when it failed to deny compensability within 120 days as required by Fl. Stat. §440.20, despite being aware of prior injuries, and the absence of objective relevant medical findings to support the claim.

44. In or about April 2005, Wausau again received notification from the Central Index Bureau of claimant's prior injuries, and once again Wausau ignored them and failed to investigate.

45. Wausau had unlicensed employees performing adjusting services on Jane Doe's claim.

46. Wausau paid medical bills for an unrelated person on an unrelated claim and assigned those bills to Jane Doe's claim file.

47. Wausau failed to meet the standards and requirements of Florida Workers' Compensation Statutes in handling and adjusting Jane Doe's claim.

48. Jane Doe received and continues to receive medical treatment and benefits from Wausau under the Policy.

49. To date, Jane Doe's claim remains open almost 16 years since the date of injury with the costs of the claim incurred by Redlands, and the income generated by Wausau, continuing to increase.

50. Wausau has had more than one the opportunity to settle and close Jane Doe's claim.

51. Wausau's refusal to settle Jane Doe's claim when it could have done so has been financially beneficial to Wausau and financially detrimental to Redlands.

52. Wausau failed to meet the standards and requirements of Florida Workers' Compensation Statutes in handling and adjusting claims made against the policy, including, but not limited to:

   a. Failing to investigate claims

   b. Failing to act in Redlands' best interest

   c. Failing to require a determination to a reasonable degree of medical certainty based on objective medical findings that the alleged injury arose out of work performed for Redlands, and that the alleged incident was a major contributing cause of the injury, and

   d. Engaging in unfair settlement practices

53. Subject to these unusual circumstances, Redlands seeks damages from Wausau for breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, and unjust enrichment.

54. As a result of Wausau's actions, Redlands has had to retain legal counsel and is obligated to pay reasonable attorneys' fees in connection with its defense and prosecution of this action.

55. All conditions precedent to this counterclaim have been performed, waived, or excused.

## COUNT I- BREACH OF CONTRACT

56. Counter-Plaintiff, Redlands realleges paragraphs one through fifty-five as if fully stated herein and further states.

57. The Policy constitutes a valid contractual agreement between Wausau and Redlands.

58. Pursuant to the Policy and the Florida Workers' Compensation Statute, Wausau owed Redlands a duty to conduct good faith investigations into workers' compensation claims to determine if to a reasonable degree of medical certainty based on objective medical findings the injury arose out of work performed in the course and scope of the claimant's employment and was a major contributing cause of the injury (more than 50 percent), and to only pay benefits to Redlands employees who were entitled to benefits under the law.

59. Wausau breached its contractual duties to Redlands by:

   a. failing to investigate claims properly and adequately,

   b. approving claims and paying benefits to claimants without determining if, to a reasonable degree of medical certainty based on objective medical findings, the injury arose out of work performed in the course and scope of the claimant's employment and was a major contributing cause of the injury as required by Florida Workers' Compensation Statutes,

   c. paying benefits to claimants who were not entitled to them under the law,

   d. not acting in the best interest of Redlands,

   e. putting its own financial interests ahead of Redlands, and

   f. engaging in unfair claims practices.

60. As a result of Wausau's material breach, Redlands has suffered damages including the payment of unearned premiums since the inception of the Policy, increased insurance rates, and ancillary expenses (including investigation and legal costs).

61. Counter-Plaintiff is entitled to fees under Florida Statute § 627.428.

Wherefore, Counter-Plaintiff, Redlands Christian Migrant Association Inc., demands judgment against the Counter-Defendant, Employers Insurance Company of Wausau, including costs

and attorney fees, pre-judgment interest and such other and further relief as this Court may deem appropriate.

## COUNT II- BREACH OF A FIDUCIARY DUTY

62. Counter-Plaintiff, Redlands realleges paragraphs one through fifty-five as if fully stated herein and further states.

63. Upon the execution of the Policy, Wausau and Redlands entered an insurer and insured relationship, and Wausau and its adjusters became Redlands' fiduciaries.

64. At all times relevant, Redlands reposed trust and confidence in Wausau to exercise due diligence, act reasonably, fairly and in Redland's best interests, and to only pay benefits to those persons who were legally entitled to them under the law.

65. Wausau owed Redlands a fiduciary duty to act in Redlands' best interest, and to use the same degree of care and diligence as a person managing his own business, including making decisions in good faith and with regard for the interests of the Redlands.

66. Wausau breached its fiduciary duty to Redlands by:

   a. failing to investigate claims properly and adequately,

   b. approving claims and paying benefits to claimants without determining if, to a reasonable degree of medical certainty based on objective medical findings, the injury arose out of work performed in the course and scope of the claimant's employment and was a major contributing cause of the injury as required by Florida Workers' Compensation Statutes,

   c. paying benefits to claimants who were not entitled to them under the law,

   d. not acting in the best interest of Redlands,

   e. putting its own financial interests ahead of Redlands,

    f. engaging in unfair claims practices, and

    g. having non-licensed adjusters handle all or part of claims in a manner that is in violation of Fl. Stat. § 626.

67. As a result of Wausau's breach of its fiduciary duty, Redlands has suffered damages including the payment of unearned premiums since the inception of the Policy, increased insurance rates, and ancillary expenses (including investigation and legal costs).

68. Counter-Plaintiff is entitled to fees under Florida Statute 627.428.

Wherefore, Counter-Plaintiff Redlands Christian Migrant Association Inc. demands judgment against the Counter-Defendant, Employers Insurance Company of Wausau, including costs and attorney fees, pre-judgment interest and such other and further relief as this Court may deem appropriate.

## COUNT III – BREACH OF GOOD FAITH AND FAIR DEALING

69. Counter-Plaintiff, Redlands realleges paragraphs one through fifty-five as if fully stated herein and further states.

70. By virtue of the Policy, there was an implied covenant of good faith and fair dealings between Wausau and Redlands.

71. When an insured has surrendered control over the handling of a claim to the insurer, the insurer assumes a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured. The insurer has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business.

72. By virtue of the Policy, Redlands surrendered control of the handling of its workers' compensation claims to Wausau.

73. Wausau breached the duty of good faith and fair dealing owed to Redlands by:

   a. breaching the terms of the contract,

   b. failing to investigate claims properly and adequately,

   c. approving claims and paying benefits to claimants without determining if, to a reasonable degree of medical certainty based on objective medical findings, the injury arose out of work performed in the course and scope of the claimant's employment and was a major contributing cause of the injury as required by Florida Workers' Compensation Statutes,

   d. paying benefits to claimants who were not entitled to them under the law,

   e. not acting in the best interest of Redlands,

   f. putting its own financial interests ahead of Redlands, and

   g. having non-licensed adjusters handle all or part of claims in a manner that is in violation of Fl. Stat. § 626.

   h. engaging in unfair claims practices.  See *F.A.C. Rule 69B-220.201*

74. As a result of Wausau's breach of good faith and fair dealing, Redlands has suffered damages including the payment of unearned premiums since the inception of the Policy, increased insurance rates, and ancillary expenses (including investigation and legal costs).

Wherefore, Counter-Plaintiff Redlands Christian Migrant Association Inc. demands judgment against the Counter-Defendant, Employers Insurance Company of Wausau, including costs and attorney fees, pre-judgment interest and such other and further relief as this Court may deem appropriate.

**COUNT IV – UNJUST ENRICHMENT**
**(PLED IN THE ALTERNATIVE)**

75. Counter-Plaintiff, Redlands realleges paragraphs one through fifty-five as if fully stated herein and further states.

76. Redlands conferred a benefit on Wausau by paying premiums claimed due on the Policy. In consideration for those paid premiums, Wausau was to provide workers' compensation insurance coverage pursuant to the Policy and in accordance with the Florida Workers' Compensation Statutes and the Workers' Compensation Guide.

77. Wausau failed to provide coverage pursuant to the Policy and in accordance with the Florida Workers' Compensation Statutes and the Workers' Compensation Guide by:

   a. failing to investigate claims properly and adequately,

   b. approving claims and paying benefits to claimants without determining if, to a reasonable degree of medical certainty based on objective medical findings, the injury arose out of work performed in the course and scope of the claimant's employment and was a major contributing cause of the injury as required by Florida Workers' Compensation Statutes,

   c. paying benefits to claimants who were not entitled to them under the law,

   d. not acting in the best interest of Redlands,

   e. putting its own financial interests ahead of Redlands, and

   f. having non-licensed adjusters handle all or part of claims in a manner that is in violation of Fl. Stat. § 626.

   g. engaging in unfair claims practices. See *F.A.C. Rule 69B-220.201*

78. It would be inequitable to permit Wausau to retain the premium payments made by Redlands when it has not provided the benefit of coverage pursuant to the Policy and in accordance with the Florida Workers' Compensation Statutes and the Workers' Compensation Guide.

79. As a result of Wausau's not providing coverage pursuant to the Policy and in accordance with the Florida Workers' Compensation Statutes and the Workers' Compensation Guide, Redlands has suffered damages including the payment of unearned premiums since the inception of the Policy, increased insurance rates, and ancillary expenses (including investigation and legal costs).

Wherefore, Counter-Plaintiff Redlands Christian Migrant Association Inc. demands judgment against the Counter-Defendant, Employers Insurance Company of Wausau, for repayment of all premiums paid to Wausau under the policy.

## DEMAND FOR JURY TRIAL

The Counter- Plaintiff, Redlands Migrant Association Inc., herein demands a trial by jury on all issues so triable by law.

/s/ Keith M. Hanenian
Keith M. Hanenian, Esq.
FBN: 0873225
David A. Perrott, Esq.
FBN: 0726605
THE LAW OFFICE OF KEITH M. HANENIAN, P.A.
P.O. Box 21268
Tampa, Florida 33622
Phone: (813)-283-9907 / Fax: (813)-436-5241
Keith@hanenianlaw.com
Attorneys for Redlands Christian Migrant Association Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the counsel Michael R. Morris, Attorney for Employers Insurance Company of Wausau, michael@morris.lw, 777 South Flagler Drive Ste. 800- West Tower, West Palm Beach, Florida 33401.