UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

        Plaintiff,

v.                             Case No.:  2:20-cv-108-FtM-38NPM

REDLANDS CHRISTIAN MIGRANT
ASSOCIATION, INC.,

        Defendant.

_____/

### OPINION AND ORDER[1]

    Before the Court is Plaintiff Employers Insurance Company of Wausau's ("Wausau") Motion to Dismiss or, in the Alternative, for More Definite Statement filed on July 27, 2020. (Doc. 26). Defendant Redlands Christian Migrant Association, Inc. ("Redlands") responded in opposition on August 7, 2020.  (Doc. 27).  For the following reasons, Wausau's motion is denied.

### BACKGROUND

    This is in insurance dispute.  Wausau, proceeding on the Amended Complaint, sues Redlands for failing to pay premiums resulting from a retrospective workers' compensation contract.  (Doc. 12).  Under this type of policy, an insured pays a smaller amount of policy premiums during the policy term.  (*Id.* at ¶ 6).  Then, upon completion of the policy, the insurer examines any loss activity during the term and adjusts the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

retrospective premiums. (*Id*.). Following Wausau's calculation in 2017, it determined Redlands owed more premiums based on the loss activity under the policy term. (*Id*. at ¶ 8). When Redlands received the half-a-million-dollar bill, it failed to pay. (*Id*. at ¶¶ 11-13). So, Wausau filed suit in federal court.

Following two rounds of motions to dismiss, Redlands filed an answer and four counterclaims. (Docs. 7; 11: 14; 22; 25). According to the counterclaims, Redlands asserts since the policy began, it has paid premiums based on benefits provided to workers' compensation claimants not legally entitled to such benefits. (Doc. 25 at ¶ 2; ¶¶ 39-51). Specifically, Redlands alleges sixteen years ago, an unnamed employee made a claim for workers' compensation benefits. (*Id*. at ¶ 38). Wausau failed to investigate this claim. (*Id*. at ¶ 39). It received information this employee had made two prior insurance claims for the same bodily injuries shortly before making a claim under Redlands' policy. (*Id*. at ¶¶ 41-42, ¶ 44). Still, Wausau ignored this information and provided benefits. (*Id*. at ¶ 49). And Wausau paid medical bills for an unrelated claim and assigned those bills under this employee's file. (*Id*. at ¶ 46).

Sixteen years later, this employee continues to receive workers' compensation benefits under the policy, and Wausau has failed to settle and close the claim. (*Id*. at 49-50). Wausau's failure to close this claim means Redlands owed more insurance premiums under the retrospective policy. (*Id*.). Thus, Wausau's failure to act in good faith and investigate this claim directly padded its pocket and is the basis on which it now seeks to collect over $500,000 dollars from Redlands. (*Id*. at 49-50). Redlands sues Wausau for breach of contract, breach of fiduciary duty, breach of good faith and fair dealing, and unjust enrichment. (*Id*.).

Now, Wausau moves to dismiss the counterclaims on the basis that Redlands has not alleged conduct within the state statute of limitations. (Doc. 26 at ¶¶ 1, 16, 21, 31, 34, 42). In the alternative, Wausau moves for a more definite statement because Redlands' claims are vague and ambiguous. (*Id.* at 5, 7-9, 11-12, 13-14).

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal,* 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

Wausau argues dismissal is warranted because Redlands failed to allege conduct within the statute of limitations. (*Id.* at ¶¶ 1, 16; 21; 31; 34; 42). The Court disagrees with Wausau.

"[S]tatutes of limitation establish the time period within which a cause of action must be commenced. The limitation period is directly related to the date on which the

cause of action accrued." *WRH Mortg., Inc. v. Butler*, 684 So. 2d 325, 327 (Fla. 5th DCA 1996). "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1).

A statute of limitations is an affirmative defense that "[g]enerally . . . will not support a motion to dismiss." Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). Thus, "a motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in [the moving party's favor]." *Clements v. 3M Elec. Monitoring*, No. 2:16-CV-776-FTM-38CM, 2017 WL 4326618, at *2 (M.D. Fla. June 29, 2017) (citing *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1252 (11th Cir. 2003)). On the present motion, Wausau may prevail on its statute of limitations defense only if Redlands' allegations clearly establish the defense. *See* Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982).

Here, the parties agree on the limitations period: five years for breach of contract, and four years for breach of fiduciary duty, breach of good faith and fair dealing, and for unjust enrichment. *See* Fla. Stat. §§ 95.11(2)(b), (3)(k), (3)(p). The dispute is whether Redlands' counterclaims are timely. Wausau says the last alleged event occurred in 2005. (*Id.* at ¶ 16). Redlands responds the limitations period has not run because the underlying workers' compensation claim is ongoing and Wausau continues to provide benefits under the policy to a claimant not entitled to such benefits. (*Id.* at 3-4). As the Court stated, these factual arguments are not for the Court to decide at the motion to dismiss stage and, instead, are better suited for summary judgment. (Doc. 22 at 4-5).

And upon review of Redlands' counterclaims, it is not apparent that they are time-barred. Thus, Wausau's 12(b)(6) motion is due to be dismissed.

Alternatively, Wausau seeks a more definite statement.  (Doc. 26 at 5, 7-9, 11-12, 13-14).  A defendant may move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Motions for more definite statements are "disfavored under the law" and are "not to be used as a substitute for discovery." *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp. 3d 1268, 1281-82 (M.D. Fla. 2015) (citation omitted).  "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Advanta-Star Auto. Research Corp. of Am. v. Semoran Auto Acquisitions, Inc.*, No. 6:17-cv-1675-Orl-40GJK, 2018 WL 1907643, at *3 n.5 (M.D. Fla. Apr. 23, 2018) (citation omitted). Redlands asserts counterclaims for breach of contract, breach of fiduciary duty, breach of good faith and fair dealing, and unjust enrichment following Wausau's failure to investigate a November 23, 2004 workers' compensation claim that is still open to this day.  Wausau knows this claim.  Because it can reasonably prepare a response, a more definite statement is unnecessary.

Accordingly, it is now **ORDERED:**

Plaintiff Employers Insurance Company of Wausau's Motion to Dismiss or, in the Alternative, for More Definite Statement (Doc. 26) is **DENIED**.  **Plaintiff must file an answer to Defendant's counterclaims on or before September 18, 2020.**

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of September, 2020.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record