UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

    PLAINTIFF,

v.                                                                           CASE NO.: 2:20-CV-108-FTM-38NPM

REDLANDS CHRISTIAN
MIGRANT ASSOCIATION, INC.,

    DEFENDANT.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Counter-defendant, Employers Insurance Company of Wausau ("Wausau") files this response to Counter-plaintiff, Redlands Christian Migrant Association, Inc. ("Redlands") Complaint, along with its affirmative defenses.

### ANSWER

Any allegation in the Complain not expressly admitted to is hereby denied. For all allegations about which Redlands lacks knowledge or information sufficient to form a belief about the truth of the allegation, the statement that Redlands lacks knowledge has the effect of a denial as per Federal Rule of Civil Procedure 8(b)(5).

1.    Admitted that Wausau has filed a complaint against Redlands, otherwise without knowledge and therefore denied.

2.    Without knowledge and therefore denied. To the extent that this paragraph is to be interpreted as a jurisdictional argument, Wausau denies that this court has jurisdiction to hear disputes related to "rate, rating plan, rating system, and underwriting rules."

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted that Wausau is a workers compensation carrier in the State of Florida subject to Florida's Workers' Compensation Statute. The remainder of this paragraph is not an allegation against Wausau, but rather a recitation of the belief of Wausau as to the state of the law. As this is not a quotation of the statutory language, Wausau is without knowledge of the truth of the statement.

7. Admitted.

8. Admitted that the policy conforms with Florida's Workers Compensation Statute. Wausau is without knowledge as to any specific allegations of relevant changes.

9. This paragraph contains multiple allegations, the construction of which Wausau is without knowledge. Wausau denies that the workers compensation system guide is a regulatory document

10. Wausau admits the existence of Florida Administrative Code Rule 69B-220.201. As to the intended construction of this Rule, Wausau is without knowledge.

11. Denied.

12. Denied.

13. Admitted as to the general principle, Redlands' construction of which Wausau is without knowledge.

14. Admitted

15. Admitted

16. Admitted that Wausau is regulated by the State of Florida. Wausau denies that the workers compensation system guide is a regulatory document.

17. In the absence of identification of specific claim, without knowledge. Wausau denies that the workers compensation system guide is a regulatory document.

18. Admitted that Wausau intended the policy to comply with Florida law.

19. Admitted that the provisions Florida Chapter 440 govern workers' compensation policies.

20. Admitted that FS. §§ 440.09(1) and §§ 440.20(4) are part of Florida's Workers' Compensation Statutes. As paraphrased, denied.

21. Admitted that Wausau is a Florida-licensed provider of workers' compensation insurance, and is regulated by the State of Florida. In the absence of any specific allegation of a representation, without knowledge and therefore denied.

22. Without knowledge and therefore denied. Wausau denies that the workers compensation system guide is a regulatory document.

23. Without knowledge and therefore denied.

24. As paraphrased from the statute, denied.

25. As paraphrased from the statute, denied.

26. Admitted that the purpose of a workers' compensation policy is to compensate injured workers.

27. Admitted.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. As Redlands has failed to identify the injured worker, without knowledge.

39. As Redlands has failed to identify the injured worker, without knowledge.

40. As Redlands has failed to identify the injured worker, without knowledge.

41. As Redlands has failed to identify the injured worker, without knowledge.

42. As Redlands has failed to identify the injured worker, without knowledge.

43. As Redlands has failed to identify the injured worker, without knowledge.

44. As Redlands has failed to identify the injured worker, without knowledge.

45. As Redlands has failed to identify the injured worker, without knowledge.

46. As Redlands has failed to identify the injured worker or the specific payments allegedly made, without knowledge.

47. As Redlands has failed to identify the injured worker, without knowledge.

48. As Redlands has failed to identify the injured worker, without knowledge.

49. As Redlands has failed to identify the injured worker, without knowledge.

50. As Redlands has failed to identify the injured worker, without knowledge.

51. As Redlands has failed to identify the injured worker, without knowledge.

52. Denied.

53. Admitted that Redlands is making the claims, denied as to all allegations pertaining to Redlands' claims.

54. Without knowledge and therefore denied.

55. Denied.

56. Wausau incorporates all responses to paragraphs 1-55.

57. Admitted.

58. As a general, paraphrased statement, denied.

59. Denied in all parts.

60. Denied.

61. Denied.

62. Wausau incorporates all responses to paragraphs 1-55.

63. Admitted that a policy was issued, denied that Wausau owes a fiduciary duty to Redlands.

64. Without knowledge and therefore denied.

65. Denied.

66. Denied in all parts.

67. Denied.

68. Denied.

69. Wausau incorporates all responses to paragraphs 1-55.

70. Admitted as a general statement of the law.

71. Denied.

72. Denied.

73. Denied in all parts.

74. Denied.

75. Wausau incorporates all responses to paragraphs 1-55.

76. Admitted that a policy was issued. The issuance of a policy precludes unjust enrichment claims. Wausau denies that the workers compensation system guide is a regulatory document.

77. Denied in all parts.

78. Denied.

79. Denied.

### Affirmative Defenses

80. First Affirmative Defense: Redlands' claims are barred on grounds of estoppel. Redlands was given the opportunity to be involved in the defense and payment of these claims and raised no objection to any of Wausau's actions until it was sued for non-payment of premium.

81. Second Affirmative Defense: Redlands' claims are barred on grounds of waiver. Redlands was given the opportunity to be involved in the defense and payment of these claims and raised no objection to any of Wausau's actions until it was sued for non-payment of premium.

82. Third Affirmative Defense: Redlands' claims are barred on grounds of ratification. Redlands' approved of Wausau's actions and claims handling until it was sued for non-payment of premium.

83. Fourth Affirmative Defense: Redlands' claims are barred on grounds of laches. The actions that Redlands' now bases its counterclaim on occurred more than a decade ago. By waiting so long, Redlands has made it difficult or impossible for Wausau to obtain witness testimony, documentary

evidence or otherwise mount a defense in the same manner that would have been possible with a timely suit.

84. Fifth Affirmative Defense: Redlands' claims are barred on grounds of the statute of limitations. The actions that Redlands' now bases its counterclaim on occurred more than a decade ago, and are far outside the statute of limitations.

85. Sixth Affirmative Defense: Redlands' claims are barred on grounds of estoppel. Redlands was given the opportunity to be involved in the defense and payment of these claims and raised no objection to any of Wausau's actions until it was sued for non-payment of premium.

86. Seventh Affirmative Defense: Lack of jurisdiction. Jurisdiction over disputes over workers compensation premium, including "rate, rating plan, rating system, and underwriting rules" is delegated to the National Council on Compensation Insurance by operation of Florida Statutes §§ 627.291(2) and 627.314.

87. Eighth Affirmative Defense: Lack of exhaustion of administrative remedies. Jurisdiction over disputes over workers compensation premium is delegated to the National Council on Compensation Insurance by operation of Florida Statutes §§ 627.291(2) and 627.314. The NCCI has a dispute resolution process that is mandatory for insureds to exhaust. Redlands has not done so.

88. Ninth Affirmative Defense: Assumption of risk. Redlands was invited to participate in the handling of claims. To the extent that it chose not to do so, it assumed the risk that errors might be made.

Respectfully submitted 18 September 2020.

/s/Michael R. Morris
Michael R. Morris

Counsel for  
Florida Bar No. 70254  
Morris & Morris, P.A.  
1677 D Road  
Loxahatchee, Florida 33479  
Email: michael@morris.law  
Telephone: 561.903.0562  
Facsimile: 561.828.9351  

### Certificate of Service

I certify that on 18 September 2020, I electronically filed the foregoing document electronically with the Clerk of Court by using CM/ECF which will generate a Notice of Electronic filing to Keith Hanenian,[1] attorney for Redlands Christian Migrant Association, keith@hanenianlaw.com, Law Offices of Keith M. Hanenian, PA, PO Box 21268, Tampa, FL 33622-1268 and any other attorney who has filed a notice of appearance.

/s/ Michael R. Morris  
Michael R. Morris

---

[1] Mr. Hanenian has previously represented Redlands Christian Migrant Association.