UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

    Plaintiff,

v.                                                 Case No: 2:20-cv-108-SPC-NPM

REDLANDS CHRISTIAN
MIGRANT ASSOC., INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Redlands Christian Migrant Association, Inc.'s Motion to Dismiss with Prejudice the Amended Complaint (Doc. 38; Doc. 44), along with Plaintiff Employers Insurance Company of Wausau's response in opposition (Doc. 53). For the below reasons, the Court denies the motion.

Plaintiff sues Defendant for failing to pay it about half a million dollars in insurance premiums. This case (and the others before it) has had a rocky history.[2] Litigation over the pleadings lasted three rounds and has continued

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Plaintiff first sued Defendant on the same complaint in 2018. But Senior United States District Judge John E. Steele dismissed without prejudice the case for failure to prosecute. *See Employers Ins. Co. of Wausau v. Redlands Christian Migrant Ass'n, Inc.*, No. 18-cv-601-

into discovery. Two months ago, Defendant moved to compel discovery responses because Plaintiff neither responded nor objected to its requests. The Court granted the motion, ordering Plaintiff to respond to Defendant's interrogatories and requests for production by April 9. (Doc. 35).

Because Plaintiff missed that deadline, Defendant now moves to dismiss the Amended Complaint with prejudice and moves for a default judgment on its counterclaim as a sanction. Defendant argues that Plaintiff's failure is another item on a long list of non-compliant conduct Plaintiff has shown in prosecuting this case. And Defendant is correct that Plaintiff has not been a model litigant. But Plaintiff's conduct does not warrant a dismissal with prejudice and default judgment. Here's why.

Defendant moves under Federal Rules of Civil Procedure 37(b)(2) and 41(b). Both rules allow the court to dismiss an action for a party who ignores court orders. Fed. R. Civ. P. 37(b)(2) (allowing a court to dismiss an action or render a default judgment against a disobedient party for non-compliance with discovery orders); Fed. R. Civ. P. 41(b) (letting a court dismiss an action if the plaintiff fails to prosecute the case or comply with a court order). Although the court has discretion to sanction a party, it is not without limits. A dismissal

---

JES-MRM (M.D. Fla. Apr. 25, 2019). Plaintiff tried the same suit again. But the undersigned dismissed that case for failure to timely serve Defendant and failure to meet deadlines. *See Employers Ins. Co. of Wausau v. Redlands Christian Migrant Ass'n, Inc.*, No.19-cv-491-SPC-NPM (M.D. Fla. Feb. 3, 2020). This identical case is Plaintiff's third try.

with prejudice—like Defendant requests—may be imposed only when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd., v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted). This sanction is appropriate in cases "where a party, as distinct from counsel, is culpable." *Id.* at 1338 (citation omitted). And most times a lesser sanction is enough. *See Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976);[3] *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (stating violating a discovery order "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal").

Dismissing the Amended Complaint with prejudice and entering a default on Defendant's counterclaim is too harsh a sanction under the facts of this case. Although Plaintiff has not diligently prosecuted its claims, its efforts have not crossed the line from simple negligence to delay or willful misconduct. Plaintiff's former attorney encountered professional and personal difficulties litigating this case. And the Court recently learned why. Earlier this year, Plaintiff reorganized its corporate structure that made document production a challenge. Then the former attorney's email system was hijacked, causing

---

[3] Former Fifth Circuit opinions issued before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

notices and other emails from the Court and opposing counsel to be lost. (Doc. 45). The former attorney's health complicated matters, as he was hospitalized and underwent emergency surgery last month. (Doc. 39; Doc. 40). For these reasons, the former attorney has withdrawn his representation and Plaintiff has hired new counsel. Against this record, the Court does not find willful misconduct to sanction Plaintiff.

Also, the cases Defendant relies on are nonstarters. Two cases involve pro se litigants disobeying court orders. *See Ferrier v. Q Link Wireless LLC, No. 18-62851, 2019 WL 5260265, at \*2 (S.D. Fla., Aug. 21, 2019)* (granting a motion to dismiss with prejudice because the pro se plaintiff "willfully failed to comply with various orders and willfully failed to participate in discovery"); *Ran v. Cook, No. 1:07-cv-249, 2010 WL 3489923, at \*2 (N.D. Fla., Aug. 30, 2010)* (dismissing the case with prejudice as a sanction for the pro se plaintiff's failure to comply with multiple court orders). This case differs because Plaintiff's former attorney, and not Plaintiff, is responsible for the noncompliant conduct. In the last case Defendant cites, the court found the plaintiff to have engaged in willful misconduct because it failed to timely respond to discovery and a motion to compel, filed false and misleading documents, and filed a sham lawsuit to extract an improper settlement. *See Turner v. Trans Union, LLC No. 18-cv-80938, 2019 WL 3926251, at \*5 (S.D. Fla., July 29, 2019), report and recommendation adopted 2019 WL 5102451*.

Unlike *Turner*, Plaintiff's noncompliant conduct hasn't risen to the level of filing deceptive documents or trying to strongarm a settlement.

The Court understands Defendant's frustration in trying to defend this suit (and the others). The Court too is discouraged because its orders, deadlines, and procedural rules are not advisory. It is no party's prerogative to ignore deadlines and directives as it sees fit. The Court is optimistic, however, that Plaintiff's new attorney will not repeat his predecessor's errors.

Accordingly, it is now

**ORDERED:**

Defendant Redlands Christian Migrant Association, Inc.'s Motion to Dismiss with Prejudice the Amended Complaint (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this June 4, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5